{¶ 23} I agree with the result reached by the majority, but not in its reasoning. I believe the appellant is an insured under the policy but excluded under the "other owned vehicle" provision.
 {¶ 24} The policy in this case defines the word "person" to mean only actual human beings, and not corporate entities. The policy then goes on to define an insured as the "first person named in the declarations".
 {¶ 25} There are no human beings named in the declarations. The only person listed is the FOP. This leads to a similar ambiguity as that first identified in Scott-Pontzer. Who are the persons insured by this policy, if the definitions themselves do not identify persons capable of needing insurance? Who are the human beings who make up the FOP?
 {¶ 26} In Westfield v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, the Ohio Supreme Court explained where a corporation is the named insured, an employee is covered by the policy while in the course and scope of employment, although the employee's family is not unless the employee is actually a named insured. It is usually easy to determine when a person is acting as an employee. Here, we have a different twist.
 {¶ 27} Scott-Pontzer and Galatis hinge on the basic concept a corporation acts through and is composed of its employees, and those persons, not the corporation, are the ones who suffer bodily injury. It is those persons for whom a corporation purchases UM/UIM insurance. However, when dealing with a union, it can be said with equal accuracy a union is composed of its membership, through whom it acts and for whose welfare the union is concerned.
 {¶ 28} While it may be relatively easy to determine when a person is an employee, does a person stop being a union member after work hours?
 {¶ 29} Appellee attempts to gloss over the ambiguity by asserting the only definition that can ever apply to persons other than the FOP's employees is the fourth definition, which is "any one else while occupying your car". But if the FOP is composed of its membership, then coverage extends to the members under the first definition. As the Supreme Court held in Galatis, the persons who compose the corporate entity do not have to be named in the policy in order to be covered, although coverage does not necessarily extend to their families.
 {¶ 30} I would find pursuant to Galatis, supra the contract is ambiguous, and logically includes union members as the persons who constitute the FOP.
 {¶ 31} Nevertheless, I would find appellant cannot recover for his injuries under these circumstances because he is excluded under the "other owned vehicle" exception which this court has previously found enforcible.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.